CONSUMERS UNION OF the UNITED
STATES, INC. and Public Citizen's
Health Research Group, Appellants,

v.

CONSUMER PRODUCT SAFETY
COMMISSION et al.

No. 75–2059.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 25, 1977.

Certiorari Granted Jan. 16, 1978.
See 98 S.Ct. 761.

Before BAZELON, Chief Judge, and
WRIGHT and ROBINSON, Circuit Judges.

APPLICATIONS FOR REHEARING

ORDER

PER CURIAM.

After considering the applications for
rehearing filed by federal appellees, appel-
lees Aeronutronic Ford Corporation, *et al.*,
appellees Admiral Corporation, *et al.*, and
appellee RCA Corporation, together with
supporting memoranda, and appellants' re-
sponse, it is

ORDERED by the court that the applica-
tions for rehearing are denied for the rea-
sons stated in the attached *per curiam.*

PER CURIAM:

On June 14, 1974 appellants sought pro-
duction of the documents in suit here under
the Freedom of Information Act. Instead
of producing the documents after determin-
ing that the Act required production, appel-
lee Consumer Product Safety Commission
(CPSC) notified intervenors of their inten-
tion to do so. Whereupon intervenors filed
injunction proceedings against the CPSC in
various District Courts, including the Dis-
trict of Delaware, seeking to prevent pro-
duction. Subsequently, the District Court
in Delaware issued a preliminary injunction
precluding production. Later that court or-
dered the case closed with the preliminary
injunction still pending.

This appeal is from the dismissal of ap-
pellants' FOIA case by the District Court
here on the ground that no case or contro-

versy existed since the CPSC agrees with appellants that the documents should be produced but is prevented from doing so by the preliminary injunction in the "closed" Delaware case. We reversed, holding that a case or controversy did indeed exist because CPSC continues to refuse to produce the documents.

Since our ruling we are advised that the Delaware case was marked "closed" for statistical reasons in that the case had been inactive for some time. Also, within a few days after our ruling, the Delaware case suddenly became active with a hearing in court, at which a date for trial on the merits was set. Appellants here, however, who have been attempting since 1974 to obtain production of the documents under FOIA, and against whom the Delaware litigation is directed, are not parties to the Delaware litigation. *See* Rule 19, Fed.R. Civ.P. Since all necessary parties are before the District Court here, there appears no reason why the litigation should not proceed here, particularly since this is the venue authorized by the FOIA. 5 U.S.C. § 552(a)(4)(B) (Supp. IV 1974).* Since the Act also provides that actions under it should be expedited, 5 U.S.C. § 552(a)(4)(D) (Supp. IV 1974), at long last so be it.

*So ordered.*

---

* It is noteworthy that the Department of Justice has moved to transfer the Delaware case to the District of Columbia.